SCHULTZ v. SCHULTZ.

1. Wills—Construction—Payment of Mortgage.

Where will devised 200 acres to testator's children in separate parcels, and provided that mortgage thereon should be spread "on all of my land, said 200 acres, and paid by them all," and said mortgage was paid in his lifetime, but at time of death testator owned 280 acres covered by mortgage, said mortgage is charge on all of said land and not merely on the 80 acres which was intestate property (3 Comp. Laws 1915, §§ 13795, 13797); words "200 acres" being read as "280 acres" or treated as surplusage.

2. Executors and Administrators—Accounting.

In suit for accounting for money claimed to be due decedent's estate, evidence *held*, sufficient to show adjustment of accounts with decedent up to certain date and accounting to administrator for amounts due thereafter.

Appeal from Clinton; Searl (Kelly S.), J. Submitted October 14, 1930. (Docket No. 70, Calendar No. 35,237.) Decided December 2, 1930.

Bill by Frank Schultz and others against Bert Schultz and another for construction of a will and an accounting. From a decree for defendants, plaintiffs appeal. Affirmed.

*George E. Pardee,* for plaintiffs.

*Raymond A. Latting,* for defendants.

Wiest, C. J.   This is a bill to obtain construction of the will of Henry Schultz, deceased, and have an accounting by defendants of their indebtedness to the estate of the deceased.

January 20, 1912, Henry Schultz owned 200 acres of farm land in Clinton county subject to a mortgage of $4,689.25. That day he executed a will in which he devised 80 acres to his son Bert Schultz, 40 acres to his son Frank, 40 acres to his sons Bert and Frank in equal shares, and 40 acres to his son Robert and daughters Frieda, Mattie, and Annie, in equal shares. The will also provided:

"I do provide and direct that in case of my death before the mortgage is paid, then in such case my debts and said mortgage or mortgages remaining unpaid shall be spread on all of my land, said 200 acres, and paid by them all."

Henry Schultz died December 25, 1928, without changing the will. In April, 1915, the mortgage was fully paid. In May, 1920, Frank Schultz purchased a neighboring 80-acre farm, and his father joined with him in executing a note for $9,200, secured by mortgage upon the land purchased by Frank and the 200 acres of land owned by the father and men-

tioned in the will. Later Frank deeded the 80-acre farm to his father. This mortgage, covering 280 acres of land, was, to the amount of $9,000, unpaid at the death of Henry Schultz.

Plaintiffs appealed from a decree adjudging the $9,000 mortgage a charge upon the 280 acres of land without regard to the value of the respective parcels thereof, and

"That subject to said mortgage debt as fixed by this decree, the specific legacies and devises of the will of Henry Schultz shall be given full force and effect according to the terms of said will and any and all property, both real and personal, not specifically devised or bequeathed and any portion of such property not so devised or bequeathed and not required to pay said mortgage debt or other indebtedness of the estate of Henry Schultz shall pass to his heirs at law in accordance with the statutes of descent and distribution of the State of Michigan * * * .

"It is further decreed that each 40-acre parcel hereinbefore described belonging to Henry Schultz shall be subject to one-seventh of the mortgage indebtedness due the State Bank of St. Johns and that in case of payment by the owner or owners of his, her or their share of said mortgage debt and interest in accordance with the provisions hereof, the share of the land belonging to such payer or payers shall hereafter be covered by said mortgage only as surety for the payment by the others of their respective shares and in case any such payer shall be obliged to pay more than his share he shall be subrogated to all rights of the mortgagee in respect to the other shares of said land."

The circuit judge in an opinion stated:

"In disposing of this case I must proceed on the same theory as though Henry Schultz had bought

the 80 in the first instance and made the mortgage and note alone.

"In construing the will, however, I think the words '200 acres' should be read '280 acres' or treated as surplusage.

"This brings us to the proposition that Henry Schultz left 80 acres of his land as intestate property and devised 200 acres as shown above.

"Counsel for plaintiffs insist that the court should apply the statute (3 Comp. Laws 1915, § 13797), which provides that the real and personal estate given by the will shall be held liable for the payment of debts in proportion to the amount of the several devises or legacies except specific devises and legacies which may be exempted if necessary to carry into effect the intention of the testator if there shall be sufficient other estate. But section 13795, 3 Comp. Laws 1915, also provides that if the testator shall designate the estate to be appropriated for the payment of his debts, they shall be paid out of that part of the estate so far as the same may be sufficient.

"Henry Schultz expressly provided that his debts and any mortgage or mortgages on his land at the time of his death remaining unpaid should be spread on all of his land 'and paid by them all.' We have already seen that the 200 acres mentioned by him must be read 280 acres or treated as surplusage, and if we do that and proceed to carry out his will and follow the statute last cited it follows that the $9,000 mortgage and accrued interest must be spread on the entire 280 acres. To spread it on the 80 first would be contrary to his will. We have no directions to have it spread on the basis of values. If he had so intended, some language to that effect would have been found in his will. He had in the first instance required two of his sons to stay and help pay off the mortgage on the farm at the time he made his will, but he did not charge their shares

with that mortgage, and he took particular pains to state that if any of that mortgage or any other mortgage should remain unpaid it should be paid by all his children.

"If this $9,000 was an ordinary debt the intestate 80 would have to be sold first in the absence of anything in the will to the contrary, but it is not an ordinary debt. It is a mortgage given by Henry Schultz and was on his land when he died and his will tells us how to apportion it."

We agree with the circuit judge.

The defendant Bert Schultz occupied the 200 acres of land for several years, and up to the death of his father, under a share and share alike agreement with his father, and plaintiffs ask for an accounting, claiming a large sum due the estate. The testator lived with his son Bert upon the farm. October 10, 1927, Henry Schultz and Bert Schultz visited the office of an attorney at St. Johns, and there testator signed a note for $68.10, payable to Bert and delivered it, and also an agreement, stating:

"In consideration of the mutual settlement of the accounts between the parties hereto it is hereby understood and agreed that the said Henry Schultz sells, assigns and transfers to Bert Schultz, all his right, title and interest in and to any and all accounts that he the said Henry Schultz or he the said Henry Schultz and said Bert Schultz may have against said Frank Schultz."

We are satisfied by the evidence that testator and his son Bert met at the office of the attorney to adjust accounts between them and there reached a mutual agreement, and evidenced the same by the papers mentioned. From this time on, until the

death of testator in December of the next year, the interest of the estate in the avails from the farm have been accounted for to the administrator.

The decree is affirmed, with costs to defendants.

Butzel, Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.